UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MICHAEL HAMMOND )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>LANCE FALKENA )<br>)<br>and )<br>)<br>PIZZA 111, LLC )<br>d/b/a SOUTHERN RAILWAY )<br>TAPHOUSE )<br>)<br>   Defendants. ) | Case No.   3:21cv221 |

## COMPLAINT

Plaintiff Michael Hammond ("Mr. Hammond"), by counsel and for his Complaint seeking judgment against Defendants Lance Falkena and Pizza 111, LLC (collectively, "Defendants"), states as follows:

### JURISDICTION & VENUE

1.   This Court has federal question jurisdiction over Mr. Hammond's federal law claim pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (4). This Court has supplemental jurisdiction over Mr. Hammond's state law claim pursuant to 28 U.S.C. § 1367.

2.   Venue is proper, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the acts and omissions giving rise to Mr. Hammond's claims occurred within the Eastern District of Virginia.

3.   Assignment to the Richmond Division of the Eastern District of Virginia is proper, pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C), because a

substantial part of the acts and omissions giving rise to Mr. Hammond's claims occurred in the City of Richmond.

## PARTIES

4. Mr. Hammond is and was, at all times relevant to this action, a citizen of the United States and a resident of the Commonwealth of Virginia residing in Richmond, Virginia.

5. Defendant Lance Falkena ("Officer Falkena") is and was, at all times relevant to this action, an officer employed by the City of Richmond Police Department and acting under color of state law. Officer Falkena, at all times relevant to this action, was simultaneously an agent or employee in the course and scope of his agency or employment with Defendant Pizza 111, LLC. Officer Falkena is sued in his individual capacity.

6. Pizza 111, LLC, d/b/a Southern Railway Taphouse, ("Pizza 111") is a Virginia limited liability company.

## STATEMENT OF FACTS

7. On the evening of December 7, 2019, Mr. Hammond went to Southern Railway Taphouse, a bar and restaurant located at 100 S. 14th Street, Richmond, Virginia 23219 (the "Taphouse"). The Taphouse was owned and operated by Pizza 111, LLC.

8. At all times relevant to this action, Mr. Hammond was an invitee lawfully on the Premises.

9. At the same time that Mr. Hammond was at the Taphouse, Officer Falkena was also present at the Taphouse and providing security services.

10. Officer Falkena was hired by Pizza 111 to provide security services at the Taphouse while off duty from his full-time job as a police officer with the Richmond Police

Department ("RPD"). At the time of the incident, Officer Falkena was in his RPD uniform, displaying his RPD badge, and carrying his RPD-issued weapon.

11. Later that night, at approximately 1:30 a.m., Mr. Hammond proceeded towards what he believed was an exit to leave the Taphouse and meet his Uber. This exit led to a set of stairs going down to the first floor.

12. After Mr. Hammond realized his error, but before he was able to move to the proper exit, Officer Falkena suddenly pushed Mr. Hammond down the flight of stairs.

13. As a result of Officer Falkena's conduct, Mr. Hammond suffered a fractured ankle.

14. Officer Falkena was later found guilty by a Richmond City Circuit Court judge on one count of misdemeanor assault and battery for his actions.

## COUNT I
### 42 U.S.C. § 1983 – Unreasonable Seizure Effectuated by Excessive Force in Violation of the Fourth and Fourteenth Amendment
### (Defendant Lance Falkena)

15. Mr. Hammond incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

16. At all relevant times to this action, Mr. Hammond, a citizen of the United States and the Commonwealth of Virginia, had a clearly established right under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, to be free from seizures effectuated through the use of excessive force.

17. At the time of the incident, Officer Falkena was wearing his RPD-issued police officer uniform, displaying his RPD badge, and carrying his RPD-issued gun. As such, Officer Falkena acted under color of state law.

18. Through his actions set forth herein, Officer Falkena, while acting under color of state law, conducted an unreasonable seizure in that he employed excessive force by pushing Mr. Hammond down a flight of stairs in an attempt to physically restrain Mr. Hammond in violation of his Fourth and Fourteenth Amendment rights.

19. Officer Falkena violated Mr. Hammond's right to be free from seizure effectuated by excessive force when he employed force disproportionate to the severity of the crime at issue and pushed Mr. Hammond down a flight of stairs as he attempted to exit the Premises.

20. Moreover, given that Mr. Hammond was not acting in a manner posing a threat to himself or others at that time, Officer Falkena was not permitted to use the severe level of force that he did.

21. As a result of Mr. Hammond's interaction with Officer Falkena, he was forced to incur unnecessary medical costs due to the fractured ankle he suffered, as well as the damages more specifically addressed in the "Damages" section below.

22. Officer Falkena's use of excessive force on Mr. Hammond establishes a cause of action pursuant to 42 U.S.C. § 1983 for monetary relief consisting of compensatory damages and punitive damages in the amount to be established at trial, as well as attorney's fees and costs pursuant to 42 U.S.C. § 1988.

<u>**COUNT II**</u>
**State Law Battery**
**Defendant Lance Falkena & Defendant Pizza 111, LLC**

23. Mr. Hammond incorporates the foregoing paragraphs of this Complaint as if fully set forth herein.

24. Officer Falkena intentionally pushed or shoved Mr. Hammond.

25. This touching was unwanted and offensive.

26. This touching was without Mr. Hammond's consent, without excuse, and without any legal justification.

27. Officer Falkena otherwise battered Mr. Hammond.

28. As a direct and proximate result of Officer Falkena's unlawful battery of Mr. Hammond, Mr. Hammond suffered shame, humiliation, embarrassment, and indignity to his feelings, serious physical injury, and was otherwise damaged. Mr. Hammond was also forced to incur unnecessary medical costs due to the fractured ankle he suffered as a result of his interaction with Officer Falkena.

29. At all times relevant to this cause of action, Officer Falkena was acting within the course and scope of his employment with Pizza 111.

30. Officer Falkena's intentional actions were in the ordinary course of business of Defendant Pizza 111. Officer Falkena was acting as security for Pizza 111.

31. Officer Falkena's intentional actions were naturally incident to Pizza 111's business.

32. Officer Falkena's intentional actions were performed with the intent to further Pizzas 111's interest.

33. Officer Falkena's intentional actions were performed from some impulse or emotion that was the natural consequence of an attempt to do the business of Pizza 111.

34. Pizza 111 is liable under the doctrine of *respondeat superior* for the damages inflicted on Mr. Hammond by Officer Falkena because Officer Falkena was acting within the course and scope of his employment with Pizza 111 at the time of the incident.

## **DAMAGES**

35. As a direct result of Defendants' unconstitutional and tortious conduct as set forth above, Mr. Hammond suffered economic, physical, and emotional injuries and damages, including:

   a. Past, present, and future physical pain, mental anguish and trauma, emotional pain, torment, and suffering;

   b. Permanent physical injury, disability, and disfigurement;

   c. Past, present, and future shame, fright, mortification, embarrassment, humiliation, and loss of dignity;

   d. Loss of wages and wage earning capacity; and

   e. Significant past and future medical expenses;

36. Further, Mr. Hammond respectfully asks that this Court award him expenses that he reasonably incurs in this litigation, including reasonable attorneys' fees and expert fees, pursuant to 42 U.S.C. § 1988(b) and (c).

Accordingly, Plaintiff Michael Hammond demands judgment against Defendants Lance Falkena and Pizza 111, LLC for compensatory and exemplary damages in an amount to be determined by a jury, together with costs incurred in the pursuit of a just resolution of this matter, pre-judgment and post-judgment interest, and attorneys' fees.

**A TRIAL BY JURY IS REQUESTED.**

Respectfully Submitted,
MICHAEL HAMMOND


By: _____/s/_____
                Counsel

Jonathan E. Halperin (VSB No. 32698)
Andrew Lucchetti (VSB No. 86631)
Halperin Law Center, LLC
5225 Hickory Park Drive, Suite B
Glen Allen, VA 23059
Phone: (804) 527-0100
Facsimile: (804) 597-0209
jonathan@hlc.law
andrew@hlc.law